UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYLAS WAY, )<br>)<br>Defendant. ) | 2:24-cr-00112-SDN |

**ORDER**

This matter comes before the Court on Defendant Sylas Way's motion to reconsider my prior order of dismissal, entered on November 2, 2025, and to dismiss the indictment against Mr. Way with prejudice. ECF No. 89. For the reasons described herein, I DENY Mr. Way's motion for reconsideration and dismissal with prejudice.

**PROCEDURAL BACKGROUND**

On Friday, October 31, 2025, the Government moved to continue trial in this matter to an unspecified future date based on the Government's receipt of "new information regarding a necessary witness for the Government." ECF No. 74 at 1. The Government represented that the information needed to be disclosed to Mr. Way prior to trial, scheduled to begin on Wednesday, November 12, 2025, but could not be disclosed at least until that date. *Id.*[1] On the same day the Government filed the motion to continue, the Court held an emergency telephonic conference on the Government's motion, in which the defense expressed its opposition to the motion and noted its previous opposition to prior Government continuance requests. During the telephonic conference,

---

[1] The Government's motion to continue trial was filed in the late afternoon of Friday, October 31, 2025, on the eve of jury selection scheduled for Monday, November 3, 2025.

1

I suggested that the Government could submit further information about the basis for its motion for *in camera* review. *See* ECF No. 75.

On November 1, 2025, the government submitted *ex parte* supplemental information regarding their request for a continuance of trial for *in camera* review. Later that day, upon review of all filings and the defense's position on a continuance, I denied the Government's motion to continue trial. ECF No. 79. On Sunday, November 2, 2025, the Government moved for leave to dismiss the indictment against Mr. Way pursuant to Federal Rule of Criminal Procedure 48(a). ECF No. 82. That same day, I granted the Government's motion and issued an Order of Discharge, discharging Mr. Way of all charges against him. ECF Nos. 83, 86.[2]

On Monday, November 3, 2025, Mr. Way filed his motion to reconsider my Order of Discharge and instead to dismiss the indictment against him with prejudice. ECF No. 89. In his motion, Mr. Way notes his readiness and insistence for trial and argues that any future reindictment "would essentially be the Government's attempt to circumvent the Court's ruling on their motion to continue." *Id*. at 4. Mr. Way further asserts that any future reindictment "would be nothing more than a refiling of their case after an unfavorable decision to get a more advantageous schedule when their witness might be available" and would create an inference of bad faith on the part of the government. *Id*. at 4–5. Mr. Way argues that dismissal of the indictment without prejudice will cause harm as he will be forced to "look over his shoulder wondering if he will be reindicted and arrested for nearly three years" (until the statute of limitations for the charged offenses

---

[2] The Order of Discharge filed on November 2, 2025, did not state explicitly whether the dismissal of the indictment against Mr. Way was with or without prejudice. *See* ECF No. 86.

run). *Id.* at 5–6.[3] In response, the Government asserts that dismissals by the Government under Rule 48(a) are presumptively without prejudice and further that this Court's denial of its motion to continue does not imply a lack of good faith on the part of the government. ECF No. 90 at 4–7. Additionally, the Government argues any negative effect by way of a dismissal without prejudice does not constitute any cognizable harm under the applicable standards applied within this District. *See id.* at 8–9.

## DISCUSSION

The First Circuit has held consistently that the dismissal of an indictment by the government under Rule 48(a) is presumed to be without prejudice. *See, e.g., United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994) ("Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations."). "Absent extraordinary circumstances, a defendant has no standing to appeal the dismissal of an indictment." *United States v. Moller-Butcher*, 723 F.2d 189, 190 (1st Cir. 1983) (quotation modified); *see also Parr v. United States*, 351 U.S. 513, 517–19 (1956) (holding a defendant is not injured by the dismissal of an indictment without prejudice pursuant to Rule 48(a)). Additionally, "the choice to forego permanently a

---

[3] Mr. Way further asserts that dismissal without prejudice would have negatively affect his then-pending supervised release revocation proceedings in Docket No. 2:18-cr-00126-SDN, as he would be forced to balance his right to be heard and testify in his revocation proceedings with the looming concern of reindictment in the instant matter and his Fifth Amendment right against self-incrimination. *See* ECF No. 89 at 6. On November 12, 2025, this Court conducted Mr. Way's revocation hearing, rendering this argument moot. At that hearing, Mr. Way admitted to five of the alleged violations, and the Government withdrew the sixth alleged violation. Mr. Way also spoke to the Court as part of the defense's arguments on sentencing. Although my decision on the instant motion was pending at the time, as I told the parties on the record prior to the hearing, the difficult choice Mr. Way may have faced while proceeding to a revocation hearing without a dismissal with prejudice does not constitute an impermissible infringement of his constitutional rights. *See United States v. Vazquez-Mendez*, 85 F. Supp. 3d 632, 633 (D.P.R. 2015) (finding that a defendant forced to choose between testifying in a revocation hearing pending the conclusion of a separate criminal proceeding arising out of the same act does not "mean his Fifth Amendment right has been unconstitutionally burdened").

prosecution is ordinarily made by the executive branch," rather than the Court. *Raineri*, 42 F.3d at 43; *United States v. Flemmi*, 283 F. Supp. 2d 400, 409 n.16 (D. Mass. 2003).

In multiple other federal courts of appeals, a presumption of good faith is afforded to the government when dismissing an indictment without prejudice under Rule 48(a). *See, e.g.*, *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989) ("We conclude that, in the dismissal of an indictment, information or complaint under [r]ule 48(a), the government is entitled to a presumption of good-faith."); *United States v. Welborn*, 849 F.2d 980, 983–84 (5th Cir. 1988) ("Based on the prosecutor's statement of reasons and any response by defendant, the court should determine whether the presumption of good faith is overcome by an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." (quotation modified)); *see also United States v. Goodson,* 204 F.3d 508, 512–13 (4th Cir. 2000) (holding the court has limited discretion to deny a government motion to dismiss, as "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or . . . whether to dismiss a proceeding once brought").

More recently, this District considered a defendant's motion to dismiss an indictment following the government's motion for leave to dismiss without prejudice under Rule 48(a) filed "[j]ust days before jury empanelment." *United States v. Suazo*, No. 2:18-cr-262, 2020 WL 974869, at *1 (D. Me. Feb. 28, 2020). In finding that the presumption of good faith applies to a Rule 48(a) motion, the court concluded the government's stated reason for dismissal, that "the admissible portion of the available evidence" would not allow a jury to find the defendant guilty beyond a reasonable doubt, did not constitute bad faith on the part of the government in seeking leave to dismiss

4

without prejudice. *Id.* at *1–2. In reaching this conclusion, the Court considered the defendant's arguments for dismissal with prejudice, including the vagueness of the charges against him, the pretrial detention he was subjected to, his asserted innocence, and notably, the timing of the government's motion for leave to dismiss, but found that none of the defendant's assertions overcame the presumption of good faith attached to the government's Rule 48(a) motion. *See id.* at *2.

Here, the Government has sought, and I have granted, leave to dismiss the indictment against Mr. Way. Based on the record before the Court, I find that the presumption of good faith applies to the Government's decision to dismiss the indictment under Rule 48(a). I further find that Mr. Way has not established any harm caused by dismissal without prejudice sufficient to overcome the presumption of good faith afforded to the Government's motion for leave to dismiss. The arguments for dismissal with prejudice advanced by Mr. Way in his motion, including the timing of the Government's motion to continue and motion for leave to dismiss, do not constitute the "extraordinary circumstances" necessary for Mr. Way to overcome the presumption of good faith and to appeal the dismissal of the indictment. *Moller-Butcher*, 723 F.3d at 190; *see Suazo*, 2020 WL 974869, at *1 (denying defendant's motion to dismiss with prejudice where government sought leave to dismiss indictment "[j]ust days before jury empanelment"). The fact that the Government's dismissal of the indictment without prejudice means that Mr. Way remains subject to potential reindictment, although understandably troubling to Mr. Way, does not constitute a legal basis for the relief sought in his motion.

## CONCLUSION

Accordingly, Mr. Way's motion to reconsider and dismiss the indictment with prejudice, ECF No. 89, is **DENIED**. The indictment against Mr. Way in this matter is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated this 13th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**